NATIONAL INVESTOR SERVICES
CORP., Plaintiff,

TD Waterhouse Investor Services, Inc.,
Plaintiff–Counter–Defendant–
Appellant,

v.

INTEGRATED FUND SERVICES,
INC., Defendant–Counter–
Claimant–Appellee.

No. 03–7115.

United States Court of Appeals,
Second Circuit.

March 30, 2005.

On submission (Gary J. Mennitt, Dechert LLP, New York, NY), for Appellant.

On submission (Kevin T. Rover, Morgan, Lewis & Bockius LLP, New York, NY), for Appellee.

Present: OAKES, JACOBS, and POOLER, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED.**

Appellant TD Waterhouse Investor Services, Inc. ("TDWIS") appeals a judgment of the United States District

Court for the Southern District of New York (Baer, *J.*), that dismissed TDWIS's breach of contract claim against Integrated Fund Services, Inc. ("Integrated"). *See TD Waterhouse Investor Servs. v. Integrated Fund Servs. Corp.*, No. 01 Civ. 8986, 2005 WL 13560, 2005 U.S. Dist. LEXIS 5 (S.D.N.Y. Jan. 3, 2005). We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

After remand from this Court pursuant to *United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir.1994), the district court made additional factual findings bearing on the circumstances and reasons for TDWIS's decision not to recapture, from the TD Waterhouse Family of Funds, Inc., certain fees TDWIS had previously waived as a consequence of errors committed by Integrated. The district court was presented with "a patchwork of vague and contradictory statements" variously citing contractual rights, regulatory enforcement, and reputational damage as reasons for TDWIS's decision. *TD Waterhouse*, 2005 WL 13560, *3, 2005 U.S. Dist. LEXIS 5, at *10. From this evidence and its assessments of witness credibility, the district court drew the inference that TDWIS made its decision based on factors so far outside the normal and expected consequences of Integrated's breach that it was "beyond peradventure" that the decision not to recapture was an intervening cause. *Id.* at *6, 2005 U.S. Dist. LEXIS 5at *19.

On appeal from a bench trial, "[w]e review ... factual findings for clear error. We will not reverse simply because we are convinced that we would have decided the case differently. Nor may we second-guess either the trial court's credibility assessments or its choice between permissible competing inferences." *Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank*, 392 F.3d 520, 528 (2d Cir.2004) (internal cita-

tions, quotation marks, and alterations omitted). The district court did not commit clear error in finding that TDWIS based its decision to forgo recovery of the waived fees on independent considerations remote from Integrated's breach. Nor did the district court commit clear error in finding that TDWIS's business decision was an intervening cause, cutting the chain of causation between Integrated's error and TDWIS's ultimate loss.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**